# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00800-NYW

JULIE ANNA CLENDENNEN,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

    This civil action arises under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401–33 for review of the Commissioner of Social Security Administration's ("Commissioner" or "Defendant") final decision denying Plaintiff Julie Anna Clendennen's ("Plaintiff" or "Ms. Clendennen") application for Disability Insurance Benefits ("DIB") and supplemental social security income ("SSI"). Pursuant to the Parties' consent [#13], this civil action was referred to this Magistrate Judge for a decision on the merits. *See* [#21]; 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; D.C.COLO.LCivR 72.2. Upon review of the Parties' briefing, the entire case file, the Administrative Record, and the applicable case law, this court **REVERSES** the Commissioner's decision and **REMANDS** for further proceedings.

## BACKGROUND

    Plaintiff Julie Clendennen, born January 11, 1985, applied for social security benefits on August 22, 2014 for disabilities first arising in August 2010. [#16 at 2; #11-3 at 2, 3]. Ms. Clendennen alleged that she suffered from (1) epilepsy, (2) Thoracic Outlet Syndrome; (3) "Tumor in T5 not fully diagnosed yet"; (4) Ovarian Cysts; (5) Lymphoma, and; (6) attention deficit

hyperactivity disorder ("ADHD"). [*Id.*]. A hearing was held before an Administrative Law Judge ("ALJ") on November 28, 2016 where Ms. Clendennen was represented by counsel and a Vocational Expert, Mr. Robert Schmidt, testified. [#11-2 at 33]. At the hearing, testimony and documentary evidence was presented regarding Ms. Clendennan's condition, including as relevant here, her ovarian cysts.

Plaintiff testified to longstanding "ovarian issues" that leave her with bleeding and "out of control" pain levels "either in bed or the hospital." [#11-2 at 42]. One incident two months prior to the hearing left Plaintiff hospitalized and "down" for "about four days" with "hemorrhagic" bleeding. [*Id.* at 42, 43]. Plaintiff further testified that she has "frequent[]" issues with debilitating cramping and bleeding when she overexerts herself and has these cyst related-issues approximately every three months. [*Id.* at 45]. Mr. Schmidt testified that none of the hypothetical jobs he found a person similarly disabled could do would be available if "this Claimant would in the course of a month be absent in excess of two times." [*Id.* at 52].

The written record contains further evidence regarding Plaintiff's cysts. For example, Plaintiff submitted medical records regarding her cysts. [#11-14 at 2]. The records include notes from a February 27, 2016 visit to Platte Valley Medical Center Emergency Room where Ms. Clendennen complained of abdominal pain from her cysts. [*Id.* at 9]. The notes indicate that a doctor told Plaintiff to go to the ER to have her cyst-related pain managed until she could see a specialist. [*Id.*]. Notes from the following day indicate that her pain was rated at an eight on a one-to-ten scale, sharp, and chronic with gradual onset. [*Id.* at 11]. The notes further indicate that Plaintiff reports this pain occurs every month. [*Id.*]. A prior record from 2015 indicates her admittance with frequent vaginal bleeding from the cysts and a pain level of seven. [*Id.* at 23, 27].

The ALJ issued a written order ("the Order") denying Plaintiff's request for benefits, finding she was not disabled. Despite the testimony at the hearing and records indicating debilitating pain and bleeding, the Order contained no mention of Plaintiff's ovarian cysts apart from noting the receipt of supplemental medical records, including those referenced above. [#11-2 at 13, 16]. Plaintiff appealed, but the Appeals Council denied review. [*Id.* at 2]. Plaintiff then sought further review in this court. [#1].

## STANDARD OF REVIEW

In reviewing the Commissioner's final decision, the court is limited to determining whether the decision adheres to applicable legal standards and is supported by substantial evidence in the record as a whole. *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) (citation omitted); *cf. Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993) ("[I]f the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." (internal citation omitted)). The court may not reverse an ALJ simply because she may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan,* 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (internal citation omitted). But "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). The court may not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty,* 515 F.3d at 1070 (internal citation omitted).

## ANALYSIS

The fundamental issue in this case is not contested: the Order denying Plaintiff's request for benefits did not mention her ovarian cysts despite extensive medical records and testimony which indicated a serious and persistent disorder that would reasonably be expected to impact her ability to perform substantial gainful activity. *Compare* [#16 at 6 ("The ALJ's opinion makes no mention of Ms. Clendennen's ongoing ovarian issues")], *with* [#17 at 11 ("The Court should affirm the ALJ's decision, despite the fact that it does not discuss Plaintiff's ovarian cysts.")]. The Commissioner's response to this deficiency is three-fold: (1) the Order is supported by the existing evidence in the record and should be affirmed on that basis; (2) Plaintiff has a history of drug-seeking behavior, and; (3) the ALJ discounted Plaintiff's subjective complaints, and her ovarian cysts are primarily reflective of these sorts of subjective complaints. *See* [#17].

First, the court is not persuaded that the presence of other supporting evidence in the Order is determinative in this case. The court will uphold an ALJ's determination if it is supported by substantial evidence, but the ALJ "must consider all relevant medical evidence in making those findings. . . . in addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (quotation marks omitted, citing and quoting *Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989) and *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996)); *Zambrano v. Berryhill*, No. 1:17-CV-00672-KRS, 2018 WL 4350252, at *5 (D.N.M. Sept. 12, 2018) ("[I]t is incumbent upon the ALJ to fairly consider all of the relevant evidence in the record, and to discuss the uncontroverted evidence she chooses not to rely on as well as significantly probative evidence she rejects. The ALJ may not simply ignore relevant evidence that suggests an opposite conclusion.").

Here, there is no dispute that the ALJ had before him significant documentary and testimonial evidence regarding Plaintiff's ovarian cysts. There is also no dispute that the Order contains no discussion of such cysts or their effect on Plaintiff, despite the evidence submitted to the ALJ and the despite the lack of any evidence rebutting the presence or severity of the cysts. Accordingly, the court cannot conclude that the ALJ's decision is supported by substantial evidence as the ALJ appears to have not considered (or at least has not discussed) significant and undisputed evidence regarding Plaintiff's ovarian cysts. *See Zambrano*, 2018 WL 4350252, at *5 (reversing ALJ's decision for failing to consider probative evidence bearing on claimant's disability); *German v. Colvin*, No. 13-CV-00551-PAB, 2015 WL 1476735, at *5 n.5 (D. Colo. Mar. 27, 2015) ("The ALJ's failure to mention plaintiff's spouse's testimony in prior hearings suggests that he did not consider this evidence, which is inconsistent with the mandate that the ALJ consider all evidence presented."); *Wright v. Colvin*, No. 12-CV-01454-KMT, 2015 WL 1344456, at *5 (D. Colo. Mar. 20, 2015) (finding error when ALJ failed to address evidence offered in the record). Accordingly, the court finds the presence of other evidence in the ALJ's Order to be immaterial to the present question.

Second, the court finds the evidence of Plaintiff's drug use to be inapposite at this juncture. The Commissioner argues extensively that Plaintiff has a documented history of drug-seeking behavior. [#17 at 4–6, 9–11]. The Commissioner appears to be citing this behavior to discount the severe pain alleged to be associated with Plaintiff's cysts. [*Id.* at 5 (noting 2015 cyst episode and drug-seeking behavior)]. But the Commissioner cannot cure the ALJ's lack of consideration of the ovarian cysts, whether or not ultimately upon consideration the ALJ determines that the pain associated with them is subjective and inaccurate; the court may not determine in the first instance that the cysts—which indisputably exist—do not cause the debilitating pain Plaintiff alleges and

5

as documented in the hospital record. *Grogan*, 399 F.3d at 1262 (stating that courts do not reweigh the evidence or try issues de novo in reviewing an ALJ's decision). Insofar as Defendant alleges that the drug-seeking behavior supports the ALJ's determination and undermines her claim of debilitating pain, that is a question for remand, not this court's review.

Finally, the court considers Defendant's argument that the ALJ considered Plaintiff's subjective complaints—regarding her cysts and other subjects—and properly rejected them. [#17 at 8]. The court also rejects this contention as the record and the ALJ's determination do not support such a conclusion. There is simply no mention of the ovarian cysts in the ALJ's determination, and no factual basis from which this court can draw the conclusion that the ALJ substantively considered, but then rejected, Plaintiff's complaints regarding her ovarian cysts. To that end, Defendant incorrectly concludes "that Plaintiff's subjective complaints were out of proportion to the objective medical evidence," [#17 at 8], because the ALJ did not discuss any of the objective medical evidence related her ovarian cysts, including bleeding at the 2015 hospital visit and the removal of her left ovary. [#11-14 at 23; #11-7 at 3]. And Plaintiff's claims of cyst-related pain are not without some objective support either—her 2017 hospitalization was made at the suggestion of another doctor, not of her own accord. [#11-14 at 9 ("[Patient] was told by Dr. Kramer to come in so ER could manager her pain until her could see her on Mon.")].

The court finds that the ALJ's failure to consider Plaintiff's evidence of ovarian cysts in any capacity requires reversal and further remand for consideration of all relevant medical conditions that could affect her RFC, and in turn, a finding of disability. While Plaintiff raises a separate issue of whether the ALJ erred by failing to further develop the record and any other alleged errors, but the court declines to pass on these issues at this time, which may be affected by

the ALJ's treatment of this case on remand. [#16 at 8]. "*Zambrano*, 2018 WL 4350252, at *5 (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003)).

## CONCLUSION

For the reasons stated herein, the court hereby **REVERSES** the Commissioner's final decision and **REMANDS** this matter for further proceedings that are consistent with this Memorandum Opinion and Order. In addition, the court **ORDERS** the Clerk of the Court to MAINTAIN the Administrative Record [#11 through #11-9] as Level 1 Restricted but otherwise **UNRESTRICT** the docket in this matter.

DATED: June 12, 2019

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge